# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYMAR DODDS, | CASE NO. 1:09-cv-00656 AWI DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL CERTAIN |
| v. | CLAIMS AND DEFENDANTS FROM ACTION |
| E. LASCANO, et al., | |
| Defendants. | (Doc. 10) |
| _____/ | |

### Findings and Recommendations Following Screening of Complaint

**I.    Procedural History**

Plaintiff Jaymar Dodds ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 13, 2009. On September 28, 2009, the Court issued an order finding that Plaintiff's complaint states cognizable claims against Defendants Lascano and Williams for violation of the Eighth Amendment, and against Defendants Hamlin and Lascano for retaliation, in violation of the First Amendment. The Court also found that Plaintiff's allegations do not support claims against any defendant relating to the strip search, or for denial of access to the courts, or regarding Plaintiff's conditions of confinement in the ASU. The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable. On October 23, 2009, Plaintiff notified the Court that he does not wish to amend and is willing to proceed on the claims found cognizable. Based on Plaintiff's notice, this Findings and Recommendations now issues.

**II.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

**III.   Summary of Plaintiff's Claims**

Plaintiff brings this action for violation of the First, Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff names Sgt. E. Lascano, Lt. J. Hamlin, Correctional Officer B. Williams and Correctional Officer M. Rivera as defendants.

**A.   Eighth Amendment - Conditions of Confinement**

The events giving rise to this action allegedly occurred at Kern Valley State Prison ("KVSP"), where Plaintiff is presently incarcerated. Plaintiff alleges that on November 1, 2007, a cell search was conducted at KVSP. Plaintiff alleges that defendants Lascano, Williams and Rivera ordered Plaintiff from his cell. Plaintiff alleges that he was drugged/dragged in front of the unit counselor's office, and ordered strip searched while others were present. Plaintiff alleges that defendant Lascano authorized defendants Williams and Rivera to confiscate Plaintiff's bed linens, clothing, legal property, and personal property. Plaintiff alleges that he was subsequently informed

2

by prison staff that his property was under investigation and would not be immediately returned. Plaintiff contends that he was left in his cell for five or six days without a toothbrush, toothpaste, deodorant, soap or his personal property. Plaintiff contends that he suffered from cold temperatures without state-issued clothing and bed linens. Plaintiff alleges that he informed defendants Lascano and Williams of the problems but they did nothing to assist him.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's allegations that defendants Williams and Lascano were involved in the confiscation of his clothing, bed linens and personal hygiene items, and knew of Plaintiff's complaints and failed to do anything, are sufficient to state a claim against them for violation of the Eighth Amendment. However, Plaintiff fails to state a cognizable Eighth Amendment claim against defendant Rivera. Defendant Rivera's role in confiscating Plaintiff's property, without more, does not sufficiently demonstrate that he knew of and disregarded an excessive risk to Plaintiff's health or safety. Farmer, 511 U.S. at 837.

## B.   Fourth and Eighth Amendments - Strip Search

It is not clear whether Plaintiff is further alleging that the body cavity search, conducted in the view of a female staff member and other inmates, impinged on the protections of the Eighth Amendment.

The Fourth Amendment guarantees the right to be secure against unreasonable searches, and its protections extend to incarcerated prisoners. Bell v. Wolfish, 441 U.S. 520, 545 (1979). In determining the reasonableness of a search under the Fourth Amendment, "[c]ourts must consider

1  the scope of the particular intrusion, the manner in which it is conducted, the justification for

2  initiating it, and the place in which it is conducted." Id. at 559.  The reasonableness of a prisoner

3  search is determined by reference to the prison context.  Michenfelder v. Sumner, 860 F.2d 328, 332

4  (9th Cir. 1988). "When a prison regulation impinges on inmates' constitutional rights, the regulation

5  is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78,

6  79 (1987).

7      Prisoners' legitimate expectations of bodily privacy from persons of the opposite sex are

8  extremely limited.  Jordan v. Gardner, 986 F.2d 1521, 1524 (9th Cir. 1993); see also Michenfelder,

9  860 F.2d at 328 (visual body-cavity searches of male inmates conducted within view of female

10 guards held constitutional);  Grummett v. Rushen, 779 F.2d 491, 492 (9th Cir. 1985) (high potential

11 for female guards to view male  inmates disrobing, showering, and using toilet facilities did not

12 render prison policies unconstitutional); Thompson v. Souza, 111 F.3d 694, 700-01 (9th Cir. 1997)

13 (visual body-cavity search of prisoners conducted in public held constitutional).  Although visual

14 strip searches, including visual body-cavity searches, of male prisoners conducted within view of

15 female officers are generally permissible, abusive cross-gender strip searches may violate the Fourth

16 Amendment's reasonableness standard. Somers v. Thurman, 109 F.3d 614, 622 n.5 (9th Cir. 1997).

17     Plaintiff has not sufficiently alleged that the search was conducted without penological

18 justification, or that the defendants acted with a sufficiently culpable state of mind.  The fact that the

19 search was conducted in the view of a female staff member and other inmates, by itself, does not

20 render the search unconstitutional.  Plaintiff fails to state a claim against defendants Williams,

21 Lascano and Rivera under the Fourth or Eighth Amendments.

22     **C.   Fourteenth Amendment - Access to the Courts**

23     Plaintiff alleges that he informed both defendants Lascano and Hamlin that he required his

24 legal property because he had an imminent court deadline pending.  Plaintiff alleges that defendants

25 refused to issue to him his legal property and that Plaintiff now "contends with being procedurally

26 barred."

27     Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518

28 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996).  The right is limited to direct criminal appeals, habeas

petitions, and civil rights actions. Id. at 354, 2181-82. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). For backward-looking claims such as that at issue here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).

The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court. Harbury 536 U.S. at 415, 121 S.Ct. at 2187; Lewis, 518 U.S. at 351, 116 S.Ct. at 2180; Phillips, 477 F.3d at 1076. The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, "[t]he touchstone . . . [for which] is foreseeability." Phillips, 477 at 1077. Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts. Id. at 1078-79.

Plaintiff fails to state a cognizable claim for denial of access to the courts. First, Plaintiff has not shown or alleged any actual injury by being shut out of court. Plaintiff's allegation that he must now contend with being procedurally barred does not demonstrate any actual injury. Second, Plaintiff has not alleged that he was denied access to the courts relating to a criminal appeal, habeas petition, or civil rights action. Finally, Plaintiff has not sufficiently alleged that there is no other remedy available to him.

### D.   First Amendment - Retaliation

Plaintiff states that he filed a 602 grievance and a citizen's complaint concerning his treatment. Plaintiff alleges that defendants Lascano and Hamlin retaliated against him by placing him in the "hole" for four months.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment

retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff has sufficiently stated a claim against defendants Lascano and Hamlin for retaliation, in violation of the First Amendment.

**E.      Eighth Amendment - Conditions of Confinement in Administrative Segregation Unit ("ASU")**

Plaintiff has alleged that he was subjected to unconstitutional conditions of confinement during his placement in ASU (*e.g.*, lack of outdoor exercise).  Plaintiff has not linked these deprivations to the actions or omissions of any of the named defendants. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added).

Further, Plaintiff is informed that any attempt to proceed in this action with claims against other prison staff regarding his conditions of confinement while in ASU may be improper.  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may not proceed in a single action with unrelated claims against different

1  defendants.

2  **IV.    Conclusion and Recommendation**

3           Plaintiff's complaint states claims against Defendants Lascano and Williams for violation

4  of the Eighth Amendment and against Defendants Hamlin and Lascano for retaliation in violation

5  of the First Amendment.   However, Plaintiff's allegations do not support claims against any

6  defendant relating to the strip search, or for denial of access to the courts, or regarding his conditions

7  of confinement in the ASU.      Plaintiff was provided with the opportunity to either amend or proceed

8  only on his cognizable claims, and has opted to proceed on the cognizable claims.   Accordingly, it

9  is HEREBY RECOMMENDED that:

10         1.      This action proceed on Plaintiff's complaint, filed April 13, 2009, against Defendants

11                 Lascano and Williams for violation of the Eighth Amendment and against

12                 Defendants Hamlin and Lascano for retaliation in violation of the First Amendment;

13         2.      Plaintiff's claims for denial of access to the courts and pertaining to the strip search

14                 be dismissed for failure to state a claim;

15         3.      Plaintiff's claims regarding the conditions of his confinement be dismissed without

16                 prejudice for violation of Federal Rule of Civil Procedure 18; and

17         4.      Defendant Rivera be dismissed based on Plaintiff's failure to state any claims against

18                 him.

19         These Findings and Recommendations will be submitted to the United States District Judge

20  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).   Within **thirty (30)**

21  **days** after being served with these Findings and Recommendations, plaintiff may file written

22  objections with the Court.   The document should be captioned "Objections to Magistrate Judge's

23  Findings and Recommendations."   Plaintiff is advised that failure to file objections within the

24  specified time may waive the right to appeal the District Court's order.   Martinez v. Ylst, 951 F.2d

25  1153 (9th Cir. 1991).

26         IT IS SO ORDERED.

27  **Dated:    October 27, 2009**              _____ **/s/ Dennis L. Beck** _____
                                               UNITED STATES MAGISTRATE JUDGE
28