# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYMAR DODDS,<br><br>              Plaintiff,<br><br>   v.<br><br>E. LASCANO, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:09-CV-00656-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANTS' MOTIONS TO DISMISS BE GRANTED IN PART AND DENIED IN PART<br><br>(DOCS. 30, 36)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendations**

**I.   Background**

Plaintiff Jaymar Dodds ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants E. Lascano, J. Hamlin, and B. Williams. On November 15, 2010 and April 6, 2011, Defendants filed motions to dismiss for Plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997a(e). Def. Williams's Mot. Dismiss, Doc. 30; Defs. Lascano and Hamlin's Mot. Dismiss, Doc. 36. Plaintiff filed an opposition on May 13, 2011.[1] Pl.'s Opp'n Doc. 40. Defendants filed a reply on May 20, 2011. Defs.' Reply, Doc. 41. The matter is submitted pursuant to Local Rule 230(l).

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on November 13, 2009. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); *see* Second Informational Order, Doc. 14.

## II. Summary of Complaint

The events giving rise to this action allegedly occurred at Kern Valley State Prison ("KVSP"). Plaintiff alleges that on November 1, 2007, a cell search was conducted at KVSP. Plaintiff alleges that Rivera and defendants Lascano and Williams ordered Plaintiff from his cell. Plaintiff alleges that he was drugged/dragged in front of the unit counselor's office, and ordered strip searched while others were present. Plaintiff alleges that defendant Lascano authorized Rivera and defendant Williams to confiscate Plaintiff's bed linens, clothing, legal property, and personal property. Plaintiff alleges that he was subsequently informed by prison staff that his property was under investigation and would not be immediately returned. Plaintiff contends that he was left in his cell for five or six days without a toothbrush, toothpaste, deodorant, soap or his personal property. Plaintiff contends that he suffered from cold temperatures without state-issued clothing and bed linens. Plaintiff alleges that he informed defendants Lascano and Williams of the problems but they did nothing to assist him. Plaintiff states that he filed a 602 grievance and a citizen's complaint concerning his treatment. Plaintiff alleges that defendants Lascano and Hamlin retaliated against him by placing him in the "hole" for four months. Plaintiff stated cognizable claims against Defendant Williams and Lascano for deliberate indifference in violation of the Eighth Amendment regarding his conditions of confinement, and against Lascano and Hamlin for retaliation in violation of the First Amendment.

## III. Exhaustion Of Administrative Remedies

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all

prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

**B.    Discussion**

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15, § 3084.1 (2010). At the time the grievance was filed, the process was initiated by submitting a CDC Form 602. *Id.* § 3084.2(a). Four levels of appeal were involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* §§ 3084.5, 3084.6(c). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201. Exhaustion does not *always* require pursuit of an appeal through the Director's Level of Review. What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal. *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

Defendants contend that Plaintiff did not exhaust administrative remedies. Defendants

3

contend that none of Plaintiff's inmate appeals notified prison officials of the problem and the action requested, or were properly exhausted. Defendants submit as exhibits in support inmate grievance Nos. KVSP 08-00146, KVSP 08-00182, and KVSP 08-00232.

### 1. KVSP Grievance No. 08-00146 and 08-0182

In grievance No. 08-00146, Plaintiff complained of being strip searched and that he was missing certain personal property following the November 1, 2007 incident. In grievance No. 08-00182, Plaintiff complained of being denied his personal and legal property. Plaintiff requested the return of his property.

Defendants contend that Plaintiff did not complain of being deprived of his bedding, linens, or personal hygiene items. That appears to be incorrect. In grievance No. 08-00146, Plaintiff complained that he and his cell mate's bedding was taken, and that some of their hygiene products were busted open. *See* Ex. A, p. 12, Doc. 30-4.

However, Plaintiff failed to exhaust administrative remedies with these grievances. Plaintiff grievances Nos. 08-00146 and 08-00182 were both denied at the First Level of review. *See* Ex. A, p. A000001, Doc. 30-4; Ex. B., p. B00001, Doc. 30-5. There is no evidence to indicate that Plaintiff appealed these grievances further. Thus, Plaintiff did not exhaust all available administrative remedies with grievance Nos. 08-00146 and 08-00182.

### 2. KVSP Grievance No. 08-00232

In grievance No. 08-00232, Plaintiff complained that he had been placed in the administrative segregation unit ("ASU"). Ex. C, pp. C00003-06, Doc. 30-6. Plaintiff complained that his placement in ASU was retaliation for Plaintiff filing a previous inmate grievance concerning his property.

Plaintiff requested as relief that: 1) he be provided with evidence as to his placement in ad seg, or his immediate release from ASU 2) he be provided due process; and 3) that this grievance be considered a citizen's complaint against Defendant Hamlin. Plaintiff's grievance was granted at the first level of review pertaining to his request for release from ASU.

Defendants contend that 1) grievance No. 08-00232 does not exhaust administrative remedies as to Plaintiff's claims for conditions of confinement; and 2) remedies remained

4

available for Plaintiff regarding Plaintiff's claim of retaliation.  Defs.' Reply 2:17-5:24, Doc. 41.

       A.  Conditions of Confinement

    Defendants contend that Plaintiff failed to notify prison officials of his conditions of confinement issues with grievance No. 08-00232.  Defs.' Reply 4:11-19.  Plaintiff contends that Defendants' arguments that Plaintiff failed to notify prison officials of his conditions of confinement are nonsensical because a grievance regarding missing property is about conditions of confinement.  Pl.'s Opp'n 5, Doc. 40.  Plaintiff's argument is incorrect.  Where a prison's grievance procedures are silent or incomplete as to the level of factual specificity required, "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).

    Here, grievance No. 08-00232 complained of his placement in ASU.  It is not clear that Plaintiff sought remedy of his issues regarding conditions of confinement.  The wrong mentioned in grievance No. 08-00232 focused on his allegedly improper placement in ASU.  While Plaintiff's property issues were mentioned, including deprivation of bed linens, state-issued clothing, and personal property, Plaintiff did not identify a remedy sought regarding his property.  There is also no language that would inform prison officials that this deprivation of property resulted in harm to Plaintiff regarding his conditions of confinement, namely the alleged harsh conditions in his cell.  The grievance was insufficient to place prison officials on notice of the nature of the wrong and the redress sought regarding his conditions of confinement.

    Accordingly, Plaintiff failed to exhaust administrative remedies regarding his conditions of confinement claim with grievance No. 08-00232.  Because Plaintiff's conditions of confinement claim was the only claim against Defendant Williams, the appropriate remedy is dismissal of Defendant Williams from this action without prejudice.  *Wyatt*, 315 F.3d at 1119-20.

       B.  Retaliation

    Defendants contend that Plaintiff had available administrative remedies.  Defendants contend that available remedies included his grievance being treated as a citizens complaint, a formal investigation being done, a written apology, or an affirmation that his allegations had been

5

sustained. Defs.' Reply, 4:3-24. Plaintiff contends that his grievance was granted at the first level of review. Plaintiff contends that because the grievance was granted, he was under no obligation to appeal further, and he has exhausted all available administrative remedies. Pl.'s Opp'n 4.

Plaintiff cites to *Harvey v. Jordan*, 605 F.3d 681 (9th Cir. 2010), in support. In *Harvey*, the plaintiff had appealed a delayed CDC 115 disciplinary hearing. *Id.* at 684-85. The plaintiff requested that he be given a hearing with access to a requested video tape that would exonerate him, or that the 115 charge be dropped. *Id.* at 685. Prison officials granted the plaintiff's request that he would be given a hearing and access to the video tape. *Id.* However, the plaintiff did not receive the promised hearing for over five months. *Id.* The defendants contended that the plaintiff should have appealed the grant of his grievance. *Id.* The Ninth Circuit found that the plaintiff "has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies." *Id.*

Here, based on the submitted evidence, Plaintiff received a grant of his grievance insofar as he received release from ASU. Plaintiff's request for an additional citizens complaint was not granted. However, requesting alternative forms of relief does not change the result here. As found by the Ninth Circuit, "[o]nce the prison officials purported to grant relief with which [the prisoner] was satisfied, his exhaustion obligation ended. His complaint had been resolved, or so he was led to believe, and he was not required to appeal the favorable decision." *Id.* Thus, it appears that Plaintiff has exhausted available administrative remedies regarding his retaliation claim with grievance No. 08-00232.

**IV.   Conclusion And Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant Williams's motion to dismiss, filed November 15, 2010, be GRANTED in full;

2. Defendant Williams be dismissed without prejudice for Plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a);

3. Defendants Lascano and Hamlin's motion to dismiss, filed April 6, 2011, be

6

    GRANTED in part and DENIED in part;

4.  Plaintiff's condition of confinement claim against Defendant Lascano be dismissed without prejudice for Plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a);

5.  Defendants' motion to dismiss Plaintiff's retaliation claim be DENIED; and

6.  Defendants Lascano and Hamlin serve and file an answer within twenty (20) days from the date of service of the District Judge's order resolving these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

  IT IS SO ORDERED.

  Dated:  July 13, 2011        /s/ **Dennis L. Beck**
                   UNITED STATES MAGISTRATE JUDGE